RAIMUNDO MIRANDA, Petitioner and Appellant, *v.* MUNICIPALITY OF AGUADILLA, Respondent and Appellee.

No. 4386.   Argued April 17, 1928.—Decided April 10, 1929.

*F. A. González Suárez* for the appellant. *Augusto Reichard* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Raimundo Miranda instituted a proceeding to establish his title to a certain house and lot in the municipality of Aguadilla.

The municipality appeared and objected that the lot in question was a part of a larger parcel ceded to the municipality three years before the date of such appearance by virtue of the provisions of "An Act authorizing the Commissioner of the Interior to convey to the Municipality of Aguadilla a parcel of land on Comercio Street, opposite the Stahl School, and for other purposes," approved on August 3, 1923. Laws of that year, page 632.

The petition was dated June 21, 1926, and the pleading interposed by the municipality recites that the petition was filed on June 22nd.

Petitioner relied upon a chain of title beginning with a marshal's deed and extending over a period of seventeen years. Good faith and previous possession by a former owner, extending over an additional period of fifteen years prior to the date of the marshal's deed, were also alleged.

Thus the total period of thirty-two years had not elapsed at the time of the legislative enactment relied upon by the municipality. But section 1858 of the Civil Code provides that:

"Ownership and other property rights in real property shall prescribe by possession for ten years as to persons present, and for twenty years with regard to those absent, with good faith and with a proper title."

The evidence adduced at the trial did not develop any facts beyond the averments of the pleadings. The deeds introduced by petitioner, however, sufficed to show a title

by prescription which had ripened into ownership some six years before the enactment of the law authorizing a conveyance to the municipality.

The only evidence of title in the municipality was a certificate issued by the registrar of property. From this certificate it appears that the property described in the act of the Legislature had been recorded in the name of the municipality upon presentation of a statement in writing made by the mayor and attested by the clerk, in the manner provided by articles 31 *et seq.* of the Regulations for the enforcement of the Mortgage Law. Whether the contemplated conveyance by the Commissioner of the Interior was necessary to vest title in the municipality is a question that need not be definitely decided now. The law on its face merely authorizes and directs a conveyance by the Commissioner of the Interior. A consideration of one dollar ($1.00) and all expenses involved were to be paid by the municipality. It was expressly provided that the land should be used for public purposes, and that if not so used it should revert to The People of Porto Rico. There is no evidence of any conveyance by the Commissioner of the Interior, nor of any payment by the municipality. There is nothing to indicate that any public use had been made, or was about to be made, of the property.

Any instrument that could have been executed by the Commissioner of the Interior, in accordance with the provisions of the law in question, would have been at most a quitclaim deed. The recording of such an instrument would not have conferred upon the municipality any right, title or interest not possessed by The People of Porto Rico on August 3, 1923. Nor did the record of the certificate issued by the mayor and attested by the clerk lend any additional strength to the title of the municipality.

The law is careful to point out that thirty-six houses are standing upon the property about to be transferred to the municipality. It provides that the municipality shall compensate the owners of these houses whenever a demand for

delivery of possession may be made. It does not purport to deprive such property owner, or any other person, of any right, title or interest that may have been acquired in the land by prescription or otherwise.

The court below dismissed the proceeding upon the ground that title to real estate can not be acquired by adverse possession as against the United States or The People of Porto Rico. The theory of the trial judge was that the property in question had passed from the crown of Spain to the United States by the Treaty of Paris and from the United States to The People of Porto Rico under the various acts of Congress referred to in *People* v. *Dimas,* 18 P.R.R. 1019, and *People* v. *Mun. of San Juan,* 19 P.R.R. 625. This theory assumed that the crown of Spain at the time of the change of sovereignty had never parted with its title to the parcel of land now in controversy. But there is no satisfactory basis for such a conclusion in the instant case.

The Act describes a strip of land bounded on the west by the maritime zone and on the south by a *"cañito."* Such a description does not prove that the land is submerged at high tide or that it is a mangrove marsh, or that it has been reclaimed. The house owned by appellant stands on the southeast corner of the parcel claimed by the municipality, some forty-seven meters from the maritime zone, and occupies a lot bounded on the south by the *cañito* and on the east by Betances Street. The mere fact that the lot is bounded on one side by a *cañito* and is within forty-seven meters of the maritime zone does not make it a part of the public domain. In the absence of anything to show that the land in controversy belonged to the crown of Spain at the time of the change of sovereignty, the question as to whether or not a title by prescription can be set up against The People of Porto Rico does not arise.

Petitioner established a prima facie case of ownership by adverse possession extending over a period of more than thirty years, and by like possession in good faith and under

just title for the greater part of that time. His title by prescription under section 1858 of the Civil Code had been perfected before the municipality acquired any interest whatever in the larger parcel now claimed by it. The Act of the Legislature, authorizing the Commissioner of the Interior to convey a parcel of land not shown to be the property of The People of Porto Rico at the time of such authorization, neither interrupted the running of the unexpired statutory period nor divested petitioner of his title already acquired.

Counsel for appellee invoke the doctrine of a double sale, as set forth in section 1376 of the Civil Code, which reads as follows:

"If the same thing should have been sold to different vendees, the ownership shall be transferred to the person who may have first taken possession thereof in good faith, if it should be personal property.

"Should it be real property, it shall belong to the person acquiring it who first recorded it in the registry.

"Should there be no entry, the property shall belong to the person who first took possession of it in good faith, and, in the absence thereof, to the person who presents the oldest title, provided there is good faith."

If neither of the two deeds has been recorded the vendee who is first in possession becomes the owner of the property. The preference so acquired is not affected by the subsequent record of a conveyance to the other vendee. Especially is this true when the possession of the first occupant has ripened into a title by prescription before the date of such record. *Lichauco v. Berenguer,* 39 Phil. 643.

The judgment appealed from must be reversed.